UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROSE BRUNO AND ALL OTHERS SIMILARLY SITUATED;

                              Plaintiffs,                    **COMPLAINT**

         -against-

                                                 **JURY TRIAL DEMANDED**

NORTHWELL HEALTH AT HOME;

                              Defendant.
-------------------------------------------------------------------X

## JURISDICTION AND VENUE

1. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

2. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

3. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York under 28 U.S.C. §1391 as the Defendant conducts business there and the cause of action arose there.

## THE PARTIES

5. Plaintiff Rose Bruno ("Rose") resides at 17 Rochelle St, Staten Island, NY 10304.

6. Upon information and belief, Defendant NORTHWELL HEALTH AT HOME ("Corporate Defendant") is a corporation formed in the State of New York and is located at 1101 Stewart Ave Suite 215, Garden City, NY 11530.

**Collective Class Definition**

7. Plaintiff brings the First Causes of Action of this lawsuit under the FLSA 29 U.S.C §216(b), as a collective action on behalf of the following class of potential opt-in litigants:

    **All current and former employees of NORTHWELL HEALTH AT HOME ("Corporate Defendant"), who performed "on-call" work for the Defendant in the state of New York during any workweek in the past three years ("FLSA Class").**

8. Plaintiff reserves the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

1

**Class Action Definition**

9. Plaintiff brings the First through Fifth New York State Causes of Action of this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

   **All current and former employees of NORTHWELL HEALTH AT HOME ("Corporate Defendant"), who performed "on-call" work for the Defendant in New York in any workweek in the past six years (the "New York Class").**

10. Plaintiff reserves the right to redefine the New York Class prior to class certification and thereafter, as necessary.

## BACKGROUND FACTS

11. Corporate Defendant is an "employer" under the FLSA.

12. Corporate Defendant is an "employer" under the NYLL.

13. Corporate Defendant is a healthcare provider.

14. Corporate Defendant is the largest healthcare provider and health system in the State of New York and provides health services to the public.

15. Corporate Defendant is engaged in the healthcare industry under the NYLL.

16. During any period of time whatsoever between June 2012 and November 4, 2022, Corporate Defendant had the ability to perform one or more of the following actions: (1) hire certain employees of Corporate Defendant, (2) terminate the employment of certain employees of Corporate Defendant, (3) set the wage rates of certain employees of Corporate Defendant, (4) maintain payroll records for certain employees of Corporate Defendant, or (5) institute work rules for certain employees of Corporate Defendant.

17. Corporate Defendant is involved in an industry affecting commerce within the meaning of the FLSA.

18. Corporate Defendant's annual revenues exceed $500,000 for the year 2017.

19. Corporate Defendant's annual revenues exceed $500,000 for the year 2018.

20. Corporate Defendant's annual revenues exceed $500,000 for the year 2019.

21. Corporate Defendant's annual revenues exceed $500,000 for the year 2020.

22. Corporate Defendant employs at least two employees who regularly engage in interstate commerce.

23. On information and belief, Corporate Defendant regularly employs individuals that regularly and customarily use the interstate telecommunications network to process credit card transactions with firms outside the state of New York.

24. The business activities of the Corporate Defendant are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.

25. The Corporate Defendant engages in a combination of different activities in the course of its business operation, including but not limited to: (1) providing skilled professional patient-centered care; (2) providing rehabilitation services; (3) nursing visits; (4) help securing medications, medical equipment and supplies and; (5) inpatient care (the "Related Activities").

26. The Corporate Defendant has an organizational structure whereby there is an individual, or group of individuals, who control the Related Activities.

27. Corporate Defendant failed to keep accurate and sufficient payroll and time records, as required by law.

28. Corporate Defendant did not maintain sufficient payroll and time records to determine the weekly pay and hours worked by the Plaintiff and FLSA Class.

29. The Plaintiffs were employees of the Corporate Defendant during the relevant time period.

30. The Plaintiffs were not independent contractors while performing services for Corporate Defendant during the relevant time period.

31. Corporate Defendant provided all of the equipment and material for the Plaintiffs to perform their job.

32. Corporate Defendant treated the Plaintiffs' as "W-2" wage earners while employed.

33. Corporate Defendant set the Plaintiffs' work schedule, and method and rate of pay.

34. Corporate Defendant assigned the Plaintiffs the specific job duties to which they had to perform.

35. The Plaintiffs were not free to hire other employees to work in their place to perform their job duties for Corporate Defendant.

36. No Plaintiff ever had any ownership interest in Corporate Defendant and never invested capital into corporate defendant.

### Statutory Wage Notice Violations Applicable to Each Plaintiff ("Wage Notice Violations")

37. Corporate Defendant failed to comply with the provisions of NYLL 198(1-d) by failing to provide Plaintiff with an accurate paystub each week that Plaintiff was paid by Defendant.

38. Corporate Defendant did not provide Plaintiff with an accurate statement of wages[1] with each payment of wages that set forth Plaintiff's hours worked, rates of pay, gross wages, credits claimed, deductions, and net wages.

39. Corporate Defendant failed to provide Plaintiff with an accurately written notice of pay rate.

40. Corporate Defendant failed to provide Plaintiff with an accurately written notice of pay day.

---

[1] commonly referred to as a paystub.

**U<small>NLAWFUL MINIMUM WAGE PAYMENT</small> A<small>PPLICABLE</small>**
**("U<small>NLAWFUL MINIMUM WAGE PAYMENT</small> P<small>RACTICES</small>")**

41. During any time in the past six years, the Corporate Defendant engaged in a practice in which it would place employees to work On Call.

42. The On Call position is a job position that Corporate Defendant offers to its employees as supplemental work to be performed in addition to that employee's normal job duties.

43. The On Call position is a distinct and separate job classification in which the Corporate Defendant has a specific wage rate and unique job duties that only the On Call position performs.

44. Specifically, Plaintiff were primarily engaged in attending the On-Call shift to provide support to patients in the Defendants' Health care program.

45. When Corporate Defendant assigned an employee to the On-Call position, Corporate Defendant would pay the employee a flat hourly rate of $72 for a shift of 8 hours, which equates to a $9.00 hourly wage rate.

46. At all times relevant hereto, the New York State Minimum Wage Rate exceeded $9.00 per hour.

47. As such, on information and belief, the Corporate Defendant engaged in a scheme to avoid hiring people at the proper minimum wage by offering its current employees supplemental work to be paid at a rate less than the prevailing minimum wage.

48. On information and belief, Corporate Defendant applied this unlawful scheme across its workforce to avoid complying with the New York State and Federal Minimum Wage Requirements.

**P<small>LAINTIFF</small> R<small>OSE</small> B<small>RUNO</small>:**

49. Rose started working for Corporate Defendant on or around June of 2012 until November 4, 2020.

50. Rose was initially hired as a salaried supervisor by Corporate Defendant.

51. In the salaried position, Rose had a certain set of responsibilities and a specific salary allocated to those duties.

52. However, in January 2016, Corporate Defendant offered Rose the opportunity to work On-Call for $ 9.00 an hour, in addition to her salaried supervisor position with Corporate Defendant.

53. As such, Rose was subject to the unlawful minimum wage rate pay practices described herein.

54. Rose was subject to the Wage Notice Violations described herein.

55. During the last six years preceding the commencement of this Action, Rose worked approximately 50-80 hours each week for Corporate Defendant in the On Call position.

4

## Collective Action Allegations

56. Plaintiffs bring this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Collective action defined above.

57. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

58. Plaintiffs and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals:

   **Never got paid minimum wage for the total amount of hours worked every week for the On-Call position; Corporate Defendant did not provide them with accurate pay stubs; Corporate Defendant violated NY Lab. Law §191 et. seq. and NY Lab. Law § 652 et. seq. when failing to pay the statutory minimum wage. Plaintiff suffered economic and non-economic damages due to the Corporate Defendant's unlawful practices.**

59. Resolution of this action requires inquiry into common facts, including, inter alia, Corporate Defendant's common compensation, timekeeping, and payroll practices.

60. Specifically, Corporate Defendant typically paid Plaintiff and the FLSA Class by:

   **The Corporate Defendant paid Plaintiff and the FLSA class less than the minimum wage by only paying $9.00 per hour by direct deposit and did not pay the statutory minimum wage rate for the total amount of hours worked every week; the Corporate Defendant did not provide them with accurate pay stubs.**

61. The Similarly-Situated employees are known to Corporate Defendant, are readily identifiable, and may be located through Corporate Defendant's records and the records of any payroll company that Corporate Defendant uses. Corporate Defendant employs FLSA Class Members throughout the State of New York. These similarly situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## Class Action Allegations

62. Plaintiff brings this action as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the **New York Class** and **FLSA Class as** defined above.

63. The members of the New York Class are so numerous that the joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

64. Plaintiff will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiff and those of the New York Class, and Plaintiff's claims are typical of the claims of the FLSA Class and New York Class. Plaintiff's counsel is competent and experienced in representing multi-plaintiff wage and hour claims such as this one.

65. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether the Corporate Defendant has violated and continues to violate the laws of

New York through its policy or practice of:

**Not paying minimum wage for the total amount of hours worked for the On-Call position; Corporate Defendant did not provide them with accurate pay stubs; Corporate Defendant violated §191 et. seq. and NY Lab. Law § 652 et. seq. of the NYLL when they failed to pay the statutory minimum wage. Plaintiff suffered economic damages due to the Corporate Defendant's unlawful practices.**

66. Plaintiff's claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiff is members of the FLSA Class and New York Class, (b) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, (c) Plaintiff's claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiff are similar to the injuries suffered by the New York Class members.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual class member.

68. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from *Corporate Defendant's* own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Corporate Defendant.

69. A class action is superior to other available methods for adjudication of this controversy because the joinder of all members is impractical. Further, the amounts at stake for many of the New York Class, while substantial, are not great enough to enable them to maintain separate suits against *Corporate Defendant*. Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

70. Without a class action, *Corporate Defendant* will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the New York Class. Plaintiff envisions no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
**(Failure to minimum wage)**
**FLSA 29 USC 201 et. seq.**

71. Plaintiff repeat, re-allege and reincorporate all allegations as though fully set forth herein.

72. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendant and protect the Plaintiffs.

73. Defendant failed to pay Plaintiff minimum wages to which Plaintiff is entitled under the FLSA and the supporting Federal Regulations.

74. Because of Defendants' unlawful acts, Plaintiff has been deprived of minimum compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

75. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendant were aware or should have been aware that the practices described in this Complaint are unlawful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

76. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(Failure to pay minimum wage)**
**(NY STATE)**

77. Plaintiff repeats, re-alleges and reincorporates all allegations as though fully set forth herein.

78. The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant and protect the Plaintiff.

79. Defendant failed to pay Plaintiff minimum wages to which Plaintiff is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

80. By Defendants' knowing or intentionally failure to pay Plaintiff minimum wage for hours worked, they have willfully violated NYLL Art. 19, § 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

81. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendant.

## THIRD CAUSE OF ACTION
### (Failure to pay wages)
### NY Lab. Law §191

82. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

83. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

84. Defendant failed to pay Plaintiffs their wages as required by NYLL §191 by not paying wages within the statutory time-period.

85. On information and belief, Defendant engaged in an ongoing practice of failing to pay Plaintiffs the statutory minimum hourly rate.

86. Because of Defendants' unlawful withholding of wages, Plaintiffs suffered harm.

## FOURTH CAUSE OF ACTION
### (Failure to provide wage notices)
### (NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))

87. Plaintiff repeats, re-alleges, and reincorporates all allegations as though fully set forth herein.

88. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendant willfully failed to furnish Plaintiff with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer

89. Defendant willfully failed to furnish Plaintiffs with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including overtime hours; deductions, allowances, and net wages.

90. Due to Defendants' violation of NYLL §195(1), Plaintiffs are entitled to recover from

Defendant liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

91. Defendant failed to provide Plaintiffs a statement with each payment of wages that sets forth Plaintiffs' hours worked, rates of pay, gross wages, credits claimed, if any, deductions, and net wages.

92. Due to Defendants' violation of NYLL §195(3), Plaintiffs are entitled to recover from Defendant liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B. Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C. An Order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York Class;

D. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

F. Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

G. Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

H. Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

I. Pre-judgment interest and post-judgment interest;

J. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

K. An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

L. Reasonable attorney fees and costs of the action;

M. Pre-judgment interest and post judgment interest;

N. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   White Plains, New York
         November 25, 2022

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com