**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

September 25, 2023

**VIA ECF**

Hon. Arlene R. Lindsay
United States Magistrate Judge
U.S.D.C. for the Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   *Bruno v. Northwell Health at Home*, No. 22-CV-7181-ARR-ARL

Dear Judge Lindsay:

We represent North Shore University Hospital ("Northwell," incorrectly identified as "Northwell Health at Home") in the above-referenced matter. We submit this letter jointly with Counsel to Plaintiff Rose Bruno ("Plaintiff") in accordance with the Court's instruction during the September 19, 2023 hearing and to supplement the Parties' request for approval of their settlement of Plaintiff's claims arising under the Fair Labor Standards Act ("FLSA"). (ECF No. 16).

As the Parties and Court discussed, parties cannot privately settle and dismiss FLSA claims with prejudice under Fed. R. Civ. P. 41 without approval of a Court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015) (holding that the FLSA to be an "applicable federal statute" within the meaning of Fed. R. Civ. P. 41(a)(1)(A)). Parties must demonstrate to the Court that a proposed settlement resolving FLSA claims is "fair and reasonable" by reference to five factors. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Your Honor found these factors satisfied, but questioned whether a separate agreement among the Parties resolving claims other than Plaintiff's FLSA claims impermissibly contravened these principles.

District Courts within the Second Circuit have approved of bifurcated settlements without review or consideration of how or whether the private agreement might otherwise impact *Cheeks* review of an FLSA settlement. *See Luna v. J.S. Held LLC*, No. 21-CV-JMW, 2023 WL 2214012, at *3 (E.D.N.Y. Feb. 24, 2023) (reviewing only the publicly-filed FLSA settlement agreement and commenting, "Courts in this Circuit regularly accept bifurcated settlement agreements where the parties' FLSA claims undergo a *Cheeks* review while their non-FLSA claims are resolved by separate private agreement."); *Perez v. Pearl River Pastry, LLC*, No. 21-CV-1259 (AEK), 2022 WL 14757824, n.2 (S.D.N.Y. Oct. 25, 2022) (approving FLSA settlement without requiring review of separate agreement concerning NYLL and other claims); *Shavis v. Pay-O-Matic Check Cashing Corp.*, No. 19-CV-484 (CBA)(LB), 2019 WL 4919782, at n.1 (E.D.N.Y. Aug. 22, 2019) (approving bifurcated structure without review of confidential private agreement concerning NYLL claims); *Yunda v. SAFI-G, Inc.*, No. 15-CIV-8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (noting that "the NYLL settlement agreement contains several provisions that would be impermissible in an FLSA settlement," but recognizing that "the fact that there may be provisions in the NYLL settlement agreement that could not be included in the FLSA settlement is immaterial because the NYLL settlement agreement does not require

**SheppardMullin**

September 25, 2023
Page 2

judicial approval."); *Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315, 2016 WL 1465360, at *2 (E.D.N.Y. Apr. 14, 2016) (noting that the court approved of a bifurcated structure where the parties publicly filed their FLSA settlement agreement and executed a separate, confidential agreement for NYLL claims). In accordance with these cases, if the settlement agreement submitted for review comports with *Cheeks*, as the Court intimated it believed to be the case during the September 19 hearing, no further inquiry is necessary.

Notwithstanding the Parties' view that the settlement can be approved without modification, the Parties nevertheless enclose an alternative form of settlement agreement (in redline) that they would execute to effect a dismissal of this action with prejudice if it lessens the Court's concerns. *See* Ex. A. The Parties' proposed changes are reflected on the enclosed redline. *See* Ex. B. By way of summary:

- Paragraph 3: The Parties have modified the release to render it applicable solely to claims arising under the FLSA;

- Paragraph 8: The Parties have added more transparent language concerning the scope of the agreement submitted for review, and expressly acknowledged the existence of the separate, confidential agreement resolving Plaintiff's NYLL claims;

- Closing Acknowledgment: The Parties have revised the language consistent with the changes to Paragraph 3.

In addition, the Parties will include the following language in the separate, confidential settlement agreement addressing Plaintiff's non-FLSA claims:

To the extent applicable, nothing herein is intended to contravene any limitations imposed by law on Plaintiff's rights or obligations, including those arising under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny. To the extent any provision herein is challenged and found to be inconsistent with *Cheeks*, it shall be excised without impacting the enforceability of the remainder of this Agreement.

Accordingly, for these reasons, and the reasons previously offered to the Court (ECF No. 16), the Parties respectfully request that the Court approve the settlement agreement and allow for the dismissal of this matter with prejudice.

Respectfully submitted,

/s/ Brian D. Murphy

Brian D. Murphy
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4854-6453-5936.1
cc: Counsel for All Parties